1 F.3d 45
 303 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Daniel Joseph PERKINS, Appellant.
 No. 91-3133.
 United States Court of Appeals, District of Columbia Circuit.
 July 26, 1993.
 
 Before MIKVA, Chief Judge, and WALD and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Perkins' conviction be affirmed. The record supports the district court's finding that Officer Currie's initial stop of Perkins was based on his reasonable articulable suspicion that Perkins was the suspect whom Currie had chased into the apartment building moments earlier. See Terry v. Ohio, 392 U.S. 1, 21 (1968) (stop is justified if officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion of a stop). Moreover, Perkins' failure to submit to Currie's order undermines his contention that he was illegally seized. See California v. Hodari D., 111 S.Ct. 1547, 1552 (1991) (juvenile who did not submit to show of authority was not seized until tackled by police officer).
 
 
 3
 Next, the evidence that Perkins had a 9 mm. handgun in his waistband, easily accessible, and in close proximity to the crack cocaine and a clip of extra ammunition, combined with the government's expert testimony that narcotics traffickers often use 9 mm. handguns in order to protect themselves and their drugs, was sufficient to support the jury's inference that Perkins possessed the firearm "during and in relation" to a drug trafficking offense. See 18 U.S.C. Sec. 924(c)(1); United States v. Derr, No. 91-3309, slip op. at 13 (D.C.Cir., Apr. 20, 1993) (to be published at 990 F.2d 1330) (enumerating factors to consider in determining whether defendant "used" a firearm during and in relation to a drug crime).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.